IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 19-133-2 |
| | ) | |
| GARFIELD CAMPBELL | ) | |

## MEMORANDUM OPINION and ORDER

On August 17, 2021, Defendant Garfield Campbell filed a pro se Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 495. On August 26, 2021, the Court appointed counsel to represent Defendant with respect to his Motion. ECF No. 497. On September 30, 2021, defense counsel filed an Emergency Motion for Compassionate Release Under the First Step Act. ECF No. 507. Defendant seeks compassionate release for "extraordinary and compelling reasons" pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), due to the growing COVID-19 pandemic, the heightened risk of harm presented by COVID-19 due to Mr. Campbell's medical conditions, the presence of COVID-19 cases in the prison where Mr. Campbell is housed, and that institution's alleged failure to implement measures to lower the risk of disease and death. The Government filed a Response to the Motion, arguing that Mr. Campbell has not presented an extraordinary and compelling reason for his release and that a sentence reduction is otherwise inappropriate. ECF No. 512. For the reasons set forth below, the Emergency Motion for Compassionate Release will be denied.[1]

---

[1] The government concedes that Mr. Campbell has exhausted his administrative remedies. Gov't Resp. at 1. Pursuant to section 3582(c)(1)(A) a defendant may bring a compassionate release motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring the motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden

I.  **Background**

On April 14, 2020, Defendant entered a plea of guilty to Counts 2 and 6 of the Indictment filed at Criminal No. 19-133, charging him with Conspiracy to Distribute 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. § 846 and Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h). He was sentenced on August 4, 2020 to concurrent terms of 144 months' imprisonment, to be followed by a total of 5 years' supervised release. The sentence was imposed pursuant to the parties' Rule 11(c)(1)(C) agreed-upon term of imprisonment. Defendant is incarcerated at the Federal Correctional Institution at Morgantown, West Virginia. According to the Bureau of Prisons, his expected release is August 2, 2029.

Mr. Campbell is 46 years of age. He reports that he has obesity, hypertension, and a history of smoking that place him at a higher risk for severe illness or death should he contact COVID-19. He argues that extraordinary and compelling reasons exist warranting relief based on his health conditions in combination with the presence of COVID-19 within FCI-Morgantown. In addition, Mr. Campbell states that, under his present conditions of confinement at FCI-Morgantown, he is unable to take appropriate recommended Centers for Disease Control COVID-19 virus risk reduction and prevention self-care measures. As such, he requests that his sentence be reduced to "time served" with a supervised release condition of home-confinement[2]. He states that if released he would reside with his fiancé in New Jersey, receive financial support from friends and family, and that he will obtain health insurance.

---

of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

[2] Assuming a reduction in sentence is warranted a court may "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A).

The government maintains that Mr. Campbell's health conditions do not qualify as extraordinary and compelling. The government avers that Mr. Campbell's medical records demonstrate that he is receiving appropriate medical care for his hypertension and obesity, and he is otherwise in good health. The government further notes that as of October 13, 2021, FCI-Morgantown had five cases of COVID-19, one inmate and four staff members, with no deaths. The government therefore argues that Mr. Campbell has not demonstrated "extraordinary or compelling" reasons for a reduction in his sentence. The government argues that, even if Mr. Campbell qualified for compassionate release, he should not be released because he participated in a long-term large-scale drug trafficking scheme and that he is otherwise unable to show that the section 3553(a) factors favor release.

## II.   Analysis

### A.   Applicable Law

The First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), provides, in relevant part:

> **(c) Modification of an Imposed Term of Imprisonment.** —The court may not modify a term of imprisonment once it has been imposed except that—
>
> **(1)** in any case—
>
> **(A)** the court, . . . upon motion of the defendant . . .may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> **(i)** extraordinary and compelling reasons warrant such a reduction; . . .

18 U.S.C. § 3582(c)(1)(A)(i).

The First Step Act directs analysis, for extraordinary and compelling reasons, to the Sentencing Commission's applicable policy statement, which provides in relevant part that, after considering

the section 3553(a) factors, the court may reduce a term of imprisonment if it determines that--

>   (1)   (A) Extraordinary and compelling reasons warrant the reduction; . . . .
>
>   (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>   (3) The reduction is consistent with this policy statement.

U.S.S.G. §1B1.13 (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)).

The Sentencing Commission Commentary to the Policy Statement describes medical circumstances that qualify as "extraordinary and compelling". U.S.S.G. § 1B1.13, comment (n.1(A)). Mr. Campbell argues that his medical conditions qualify because they present "a serious physical or medical condition" that in light of the COVID-19 pandemic "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.[3] U.S.S.G. § 1B1.13, comment (n.1(A)). The Commentary, at subsection (D), provides a catch-all provision, permitting release where there exists an extraordinary and compelling reason other than, or in combination with, the reasons set forth within the other Commentary sections. U.S.S.G. § 1B1.13, comment (n.1(D)).

    **B. Discussion**

        **1. Section 3553(a) Factors**

Pursuant to the Sentencing Commission's Policy Statement, before reducing a

---

[3] Identified medical circumstances are: that the defendant is suffering from a terminal illness; that the defendant is suffering from a serious physical or medical condition; that the defendant has a serious functional or cognitive impairment; or that the defendant's deteriorating physical or mental health, due to aging, substantially diminishes his ability for self-care. U.S.S.G. § 1B1.13, comment (n.1(A)). Said Commentary, at Subsection (B), provides that extraordinary and compelling reasons exist where the defendant is at least 65 years of age, has served at least 10 years or 75 percent of his term of imprisonment, and the defendant is experiencing a serious deterioration in physical or mental health due to aging,. U.S.S.G. § 1B1.13, comment (n.1(B)). Subsection (C) concerns family circumstances not applicable in this case. U.S.S.G. § 1B1.13, comment (n.1(C)).

defendant's sentence the court must first consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. U.S.S.G. § 1B1.13, p.s. Upon review of these factors, this Court concludes that a sentence reduction is not appropriate. The Court sentenced Mr. Campbell pursuant to a negotiated Rule 11(c)(1)(C) sentence of 144 months. Pursuant to Rule 11(c)(1)(C), once the Court accepted the plea agreement, it was bound to impose the sentence agreed upon by the parties. His offense of conviction was serious, drug distribution. At his August 4, 2020 sentencing, this Court was aware that Mr. Campbell had been diagnosed with high blood pressure while incarcerated. PSIR, ¶ 61. As to his overall health, Mr. Campbell reported that he was in good physical health and reported no other physical ailments. PSIR, ¶ 61. The sentencing was conducted by video due to the COVID-19 pandemic. Then, and now, the virus presents serious concerns, which are being considered in deciding this Motion. Present consideration of Section 3553(a) factors continues to support the original sentence in this case.

### 2. Extraordinary and Compelling Reasons

In addition to considering section 3553(a) sentencing factors, Mr. Campbell must also demonstrate "extraordinary and compelling reasons" for compassionate release. As discussed above, the Sentencing Commission Commentary to the Policy Statement describes medical circumstances that qualify as "extraordinary and compelling". U.S.S.G. § 1B1.13, comment (n.1(A)). Mr. Campbell argues that his obesity, hypertension , and history of smoking satisfies the "extraordinary and compelling reasons" standard under § 3582(c)(1)(A)(i), as elaborated by the Sentencing Commission in U.S.S.G. § 1B1.13, because it places him at higher risk for complications should he contract the virus.

The Centers for Disease Control and Prevention (CDC)indicates that persons with obesity are "more likely to get severely ill from COVID-19 [and the] risk of severe COVID-19 illness

increases sharply with elevated BMI." https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html  With respect to Mr. Campbell's hypertension, the CDC indicates that persons with hypertension might be more likely to get severely ill from COVID-19.  https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html  Thus, he does present with medical conditions that place him at higher risk for complications should he contract the virus.  Based on his medical records, Mr. Campbell's hypertension appears to be controlled and he is compliant with his medication.  Viewing his medical conditions in combination with his age, 46, the Court cannot say that such circumstances demonstrate "extraordinary and compelling reasons."

The catchall, "other reasons" from the Sentencing Guidelines Commentary, USSG 1B1.13, comment (n1.(D)), does not justify Mr. Campbell's release.  He argues that he cannot protect himself from contracting COVID-19, because, while incarcerated, he is not able to adequately abide by the government's recommended practices and guidelines for protection.  He asserts that COVID-19 has entered FCI-Morgantown making it more likely that he will contract the virus.  The Bureau of Prisons is taking the necessary steps and precautions to protect inmates from the spread of the COVID-19 virus.  As of November 4, 2021, there are zero inmate cases and one staff member case of COVID-19 at FCI-Morgantown.  See https://www.bop.factorsgov/coronavirus/ (There are no deaths from COVID-19 indicated and, in total, 166 inmates and 48 staff members have recovered from the virus).  Mr. Campbell's medical records appear to indicate that at one time he tested positive for COVID-19, but was asymptomatic, and he was in quarantine at some point until he received a negative PCR COVID test.  See ECF No. 507-1, at 35, 52.[4]  The Court recognizes and considers the

---

[4] It is difficult to tell from the medical records if Mr. Campbell's positive COVID-19 test and quarantine were a single event or two separate events.  That is, it may be that he tested positive and quarantined at one time, and that he also quarantined separately at a different time.

potential for Mr. Campbell's exposure to the COVID-19 virus at FCI-Morgantown. Unfortunately, that potential exists anywhere in society. However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020)). The Court reiterates that Mr. Campbell's medical needs are being addressed at FCI-Morgantown. When considering all circumstances impacting Mr. Campbell, even in combination, such do not constitute extraordinary or compelling reasons for compassionate release.

Accordingly, the Court denies Defendant's Motions.

AND NOW, this 4th day of November 2021, it is HEREBY ORDERED that Defendant's pro se Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A (ECF No. 495) and his counseled Emergency Motion for Compassionate Release Under the First Step Act (ECF No. 507) are DENIED.

BY THE COURT:

/s *Marilyn J. Horan*
Marilyn J. Horan
United States District Judge