IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  Criminal No. 19-133 |
| | ) |
| GARFIELD CAMPBELL. | ) |

## OPINION and ORDER

Presently before the Court is Defendant Garfield Campbell's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 577. Mr. Campbell requests a retroactive sentence reduction under Amendment 821 to the United States Federal Sentencing Guidelines. The government filed a Response, opposing a sentence reduction, to which Mr. Campbell filed a Reply. ECF Nos. 581 & 587. For the following reasons, Mr. Campbell's will be denied.

**I.    Applicable Law**

Section 3582(c)(2) of Title 18 allows a court to reduce a term of imprisonment where the defendant's original sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 821 to the United States Sentencing Guidelines amended § 4A1.1(e), and it created § 4C1.1, which benefits qualifying defendants, either through a lower criminal history score (§ 4A1.1(e)) or through a lower offense level (§ 4C1.1). Amendment 821 became effective November 1, 2023.

First, newly amended § 4A1.1(e) addresses whether "status" points are added to a defendant's criminal history score, based upon whether the defendant committed "the instant offense while under any criminal justice sentence, including probation, parole, supervised

release, imprisonment, work release, or escape status." USSG § 4A1.1(e).  Amendment 821 revises how such "status" points are calculated for defendants.  Prior to Amendment 821, any offender, who committed their present offense while under a criminal justice sentence, was assigned 2 status points, regardless of their criminal history points.  Now, offenders who have 6 or fewer criminal history points, as calculated under § 4A1.1(a)-(d), are not assigned any status points, while those who have 7 or more points are assigned 1 status point.

Second, newly created § 4C1.1 provides for a two-level decrease in a defendant's offense level, if "the defendant did not receive any criminal history points from Chapter Four" and otherwise meets the remaining criteria of § 4C1.1.  U.S.S.G. § 4C1.1(a)(1).  As a result, qualifying defendants will now have a reduced offense level, which results in a reduction of their recommended guideline sentencing range.

Finally, relevant to both guideline sections, Amendment 821 has been made retroactive to offenders whose guideline sentencing range has been lowered pursuant to Amendment 821 and who are currently serving a term of imprisonment.  As such, qualifying defendants are eligible to receive a reduced sentence.  USSG § 1B1.10(a)(1), (d).

The United States Supreme Court has set forth a "two-step inquiry" for determining whether a reduction of sentence under 18 U.S.C. § 3582(c) is warranted.  *Dillon v. United States*, 560 U.S. 817 (2010).  At Step One, the court is "to follow the Commission's instructions from § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 826.  Section 1B1.10(b)(1) instructs a court to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced.  In making such determination, the court shall substitute only the amendments listed

in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1). "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

## II.     Discussion

At sentencing, Mr. Campbell was determined to have a total criminal history score of three, which included two status points for having committed the present offense while under a criminal justice sentence, as set forth in § 4A1.1(e). His criminal history score of three equates to a criminal history category of II. The guideline sentencing range for a criminal history category of II and an offense level of 31 is 121 to 151 months' imprisonment. Mr. Campbell was sentenced to an agreed-upon term of imprisonment of 144 months pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

At Step One, Mr. Campbell is initially determined to be eligible for a sentence reduction under section 4A1.1(e), because he was originally assessed two "status" points. Following the Amendment, Mr. Campbell is now eligible for removal of both status points pursuant to section 4A1.1(e), because, as calculated under § 4A1.1(a)-(d), Mr. Campbell has six or less criminal history points; he is therefore assigned zero status points. With the two-point "status points" reduction, Mr. Campbell's total criminal history score is lowered from three to one. With a criminal history score of one, Mr. Campbell's criminal history category is lowered from III to II. His offense level remains at 31. Under Amendment 821, Mr. Campbell's original sentencing range of 121 to 151 months is lowered to 108 to 135 months. However, because there is a

statutory mandatory minimum sentence of 120 months, Mr. Campbell's reduced sentencing range is 120 to 135 months. Mr. Campbell requests that the Court exercise its discretion and reduce his sentence from 144 months to 128 months, or to appropriate reduced term.

### A.  Waiver of Right to File a § 3582(c) Motion

In opposing a reduction, the government argues that the parties' Plea Agreement forecloses consideration of the instant motion because Mr. Campbell's plea agreement expressly waived his right to file a motion seeking relief under 18 U.S.C. § 3582(c)(2). In his Plea Agreement, Mr. Campbell did explicitly "agree[] that he will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission." Plea Agr. ¶ C.5. Mr. Campbell argues that the waiver should not be enforced because, he says, his waiver was not knowing and voluntary. However, the language in the written plea agreement is quite clear.

In this case, in the section of the Plea agreement memorializing the parties' joint understandings, the parties set forth their agreements related to Rule 11(c)(1)(C):

- they agree that the appropriate sentence is concurrent terms of 144 months,
- the agree the Court may accept or reject the Rule 11(c)(1)(C) agreement, and
- the defendant agrees not to file a section 3582(c)(2) motion.

Plea Agr. ¶ C.5. The decision to place the § 3582(c)(2) waiver language within the section pertaining to Rule 11(c)(1)(C), makes practical sense. The government is seeking to obtain the defendant's agreement that he will not seek a reduction of the specific, agreed-upon sentence, pursuant to Rule 11(c)(1)(C). The parties' agreed-to sentence was the result of negotiations on both sides. If later, events occur to suggest that the defendant is entitled to a lowered sentence, the government bargained for and obtained a provision that would bar the defendant from

seeking to lower that agreed-upon sentence. In other words, the government, by seeking a waiver of a motion (that is not an attack on the judgment or sentence), is doing exactly what Justice Sotomayer said it should do in such situations:

> If the Government wants to ensure *ex ante* that a particular defendant's term of imprisonment will not be reduced later, the solution is simple enough: Nothing prevents the Government from negotiating with a defendant to secure a waiver of his statutory right to seek sentence reduction under § 3582(c)(2), just as it often does with respect to a defendant's rights to appeal and collaterally attack the conviction and sentence.

*Freeman v. United States*, 564 U.S. 522, 541 (2011) (Sotomayer, J., concurring) holding modified by *Hughes v. United States*, 584 U.S. 675, 138 (2018)).

During change of plea proceedings, this Court verified that defense counsel has reviewed the plea agreement with his client. This Court also verified with defendant that his counsel has reviewed the plea agreement with him, and the Court verified with the defendant that he has read the plea agreement or is otherwise familiar with the terms of the plea agreement. In this case, the following relevant exchanges occurred:

> THE COURT: Mr. Campbell, have you had an opportunity to review that plea agreement that's been reviewed for you today?
> THE DEFENDANT: Yes, Your Honor, I have.

Tr. Change of Plea, Apr. 14, 2020, at 23 (ECF No. 586).

> THE COURT: Mr. Smith, have you reviewed the change of plea letter with Mr. Campbell?
> MR. SMITH: I have, Your Honor.

*Id.* at 25.

> THE COURT: And at this point in time, Mr. Campbell, have you reviewed that change of plea letter that's been reviewed?
> THE DEFENDANT: I read it. I went over it, yes, Your Honor, I did.

*Id.* at 26.

>THE COURT: And do you have any questions about the plea letter, Mr. Campbell?
>THE DEFENDANT: Well, not really. As I said, it's a little harsh on the judgment, but once it is 11(c)(1)(C) and if that's what it is, which I think it is, I have 11(c)(1)(C) plea here on 12 years, then I don't think I have any problem, Your Honor.
>THE COURT: Do you agree with the terms of that plea agreement then?
>THE DEFENDANT: Yes, Your Honor.

*Id.* It is clear from the above exchanges that Mr. Campbell was thoroughly familiar with the terms of his plea agreement and that he agreed with them.

Mr. Campbell reiterates that neither the government nor the Court reviewed the waiver of the right to file a § 3582(c)(2) motion with him during the change of plea hearing. Def. Reply 2 (citing Fed. R. Crim. Proc. 11(b)(1)(N)). Rule 11(b)(1)(N) states that a "court must inform the defendant of, and determine that the defendant understands, . . . (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Here, the government and the Court did discuss with Mr. Campbell that he was agreeing to waive his right to appeal (with several exceptions) and the right to collaterally attack his sentence. Tr. Change of Plea, Apr. 14, 2020, at 19-20 (AUSA) & 28-30 (Court). Mr. Campbell is correct that the § 3582(c)(2) waiver at issue was not discussed during the plea hearing, however, the Court disagrees that, as a result, the waiver should not be enforced.

The Court informed Mr. Campbell that he was agreeing to waive his right to appeal and that he was waiving his right to collaterally attack his sentence. The Court's discussion with Mr. Campbell complies with the explicit terms of Rule 11(b)(1)(N). There is no comparable requirement that a Court must inform the defendant in open Court that he is agreeing not to file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission. A § 3582(c)(2) motion is not an appeal or a collateral attack on a sentence.

A motion attacking a conviction or sentence, whether on appeal or collaterally, is substantively different from a motion seeking a retroactively reduced sentence based upon the Sentencing Commission fundamentally changing the application of the guidelines and then making said changes retroactive. *See United States v. Monroe*, 580 F.3d 552, 557-58 (7th Cir. 2009) (Section 2255 and collateral waiver provisions "involve claims that the sentence imposed by the sentencing court as part of its judgment was somehow erroneous or otherwise infirm," whereas a 3582(c) motion encompasses a "right to seek a reduction in the length of [a] sentence based on a retroactive change in the Sentencing Guidelines"). Section 3582(c)(2) also provides a Judge with discretion as to whether to reduce a sentence, even if a defendant qualifies for a reduction. Attacks on a judgment or sentence, on the other hand, are fundamentally different. Such attacks provide a movant with the opportunity to demonstrate to the reviewing court that the judgment and/or sentence imposed is unlawful due to non-harmless errors and/or is Constitutionally infirm. In cases of actual non-harmless error, a defendant is typically entitled to some form of non-discretionary relief. Giving up the right to challenge non-harmless and/or Constitutional errors in one's judgment and sentence is fundamentally different from a movant seeking a potential reduced sentence based on actions of the Sentencing Commission. Therefore, the Court concludes that, the Court was not required to specifically reference the defendant's § 3582(c)(2) waiver within his plea agreement.

Because the government and Mr. Campbell expressly agreed to a waiver of Mr. Campbell's statutory right to seek a sentence reduction under § 3582(c)(2) when negotiating and executing the Plea Agreement, the Court concludes that Mr. Campbell is bound by his Plea Agreement and the waiver will be enforced. Significantly, the parties presented to the Court an agreed-upon sentence of 144 months. The Court accepted the parties' agreement, and pursuant

to Rule 11(c)(1)(C), the agreement was binding upon the Court. Accordingly, this Court did sentence Mr. Campbell pursuant to the Rule 11(c)(1)(C) agreement. Thus, the parties entered into a bargained-for contract, accepted by this Court, and both sides expected it would be enforced. "While the Court may have the authority to upset a carefully crafted and approved bargain," it declines to do so in this case. *United States v. Starkey*, No. 2:14-CR-90-NR, 2022 WL 5169824, at *1 (W.D. Pa. Oct. 5, 2022) (denying petition for early termination of supervised release that had been negotiated and accepted in a Rule 11(c)(1)(C) plea agreement). Because Mr. Campbell agreed that he would not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered, the present Motion will be denied.

### B. A Reduction is Not Warranted Even Without the Waiver

Furthermore, absent the waiver to preclude a sentence modification, Mr. Campbell would otherwise be eligible to ask this Court to consider a reduction, because Amendment 821 lowers his guideline range, as explained above. At Step Two, however, the government argues that a reduction is not warranted in this case. The government argues that, because the Court determined that the 144-month sentence was sufficient but not greater than necessary at the time it was imposed, and then again the Court affirmed the reasonableness of the 144-month sentence when it denied Mr. Campbell's' Motion for Compassionate Relief. *See* Op. and Order, Nov. 4, 2021, ECF NO. 516. At that time, this Court considered the section 3553(a) factors, concluding that "consideration of Section 3553(a) factors continues to support the original sentence in this case. ECF No. 516, at 5. The Court agrees with the government that, since the time of the Opinion addressing the Motion for Compassionate release, nothing has changed to make the Court's conclusion, that the 3553(a) factors continue to support the original sentence, any less true. Accordingly, even if this Court had concluded that it would not enforce Mr. Campbell's

plea agreement and waiver f his right to file a motion pursuant to Section 3582(c)(2), this Court concludes that a sentence reduction in this case would not be appropriate.

### III.    Conclusion

Mr. Campbell's Motion for reduced sentence will be denied.  An appropriate Order follows.

### ORDER

AND NOW, this 11th day of October 2024, it is hereby ORDERED that Garfield Campbell's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), ECF No. 577, is DENIED.

s/<i>Marilyn J. Horan</i><br>
United States District Judge